UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SARA SAFFRON,

       Plaintiff,      ECF Case
                Civil Action No. 02 Civ. 6633 (CPS)(KAM)
    v.

STATEN ISLAND UNIVERSITY     **ANSWER**
HOSPITAL,

       Defendant.

------------------------------------------------------------x

    Defendant, Staten Island University Hospital (hereinafter "Defendant"), by and through its attorneys, Clifton Budd & DeMaria, LLP, answers the Complaint in the above captioned matter as follows:

## NATURE OF THE PROCEEDINGS

  1.  Admits the allegations contained in paragraph 1 of the Complaint that Plaintiff was employed by Defendant from on or about September 23, 1993 to October 17, 2000.

  2.  Denies the allegations contained in paragraph 2 of the Complaint.

  3.  Denies the allegations contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

  4.  Denies the allegations contained in paragraph 4 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e (1964), that Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission in April 2001, that the United States Equal

Employment Opportunity Commission issued a right-to-sue letter on September 16, 2002, and that a copy of that right-to-sue letter is attached to the Complaint as Exhibit "A".

5. Denies the allegations contained in paragraph 5 of the Complaint, except admits that venue in the United States District Court for the Eastern District of New York is proper.

## THE PARTIES

6. Defendant repeats and realleges each and every answer to paragraphs 1 through 5 of the Complaint as if fully set forth herein at length.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admits that the Plaintiff is a female.

8. Admits the allegations contained in paragraph 8 of the Complaint that Defendant is a corporation authorized and licensed to do business in the State of New York.

## ALLEGATION OF DISCRIMINATORY TREATMENT BY THE DEFENDANT

9. Defendant repeats and realleges each and every answer to paragraphs 1 through 8 of the Complaint as if fully set forth herein at length.

10. Admits the allegations contained in paragraph 10 of the Complaint that Plaintiff was employed by Defendant as a counselor in Defendant's Department of Substance Abuse and Alcohol Services.

11. Denies the allegations contained in paragraph 11 of the Complaint, except admits that Plaintiff was absent from work on September 12, 2000.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, but avers that, on or about September 13, 2000, Plaintiff made a complaint to her manager, Mariann Pello, alleging sexual harassment by Dr. Lanting.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Admits the allegations contained in paragraph 16 of the Complaint that Plaintiff returned to work on September 21, 2000.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Admits the allegations contained in paragraph 19 of the Complaint that Plaintiff was suspended from her employment with Defendant on October 16, 2000.

20. Admits the allegations contained in paragraph 20 of the Complaint that Plaintiff was terminated from her employment with Defendant on October 17, 2000.

### ALLEGATION THAT DEFENDANT FAILED TO PROVIDE A WORKING ENVIRONMENT FREE FROM DISCRIMINATORY PRACTICES

21. Defendant repeats and realleges each and every answer to paragraphs 1 through 20 of the Complaint as if fully set forth herein at length.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief sought in the Complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought in the Complaint because Plaintiff has failed to mitigate her damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any punitive or liquidated damages because, assuming without conceding that Plaintiff was the victim of unlawful conduct, Defendant acted, at all relevant times, in good faith and consistent with its policies and practices against unlawful discrimination or conduct.

- 5 -

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Defendant has legitimate, non-discriminatory business reasons for all employment actions taken with respect to Plaintiff.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint in its entirety, and requests that this Court grant Defendant its costs, disbursements, and attorneys' fees and such other and further relief which the Court deems just and proper.

Dated: New York, New York
      August 27, 2004

Respectfully submitted,

CLIFTON BUDD & DeMARIA, LLP
Attorneys for Defendant

By: _____
Michael J. Volpe (MV-0171)
Kristine A. Sova (KS-5198)
420 Lexington Avenue, Suite 420
New York, New York 10170
(212) 687-7410

## AFFIDAVIT OF SERVICE BY FIRST CLASS MAIL

STATE OF NEW YORK    )
                     )    ss:
COUNTY OF NEW YORK   )

Kristine A. Sova deposes and says:

I am not a party to the action; I am over 18 years of age; and I reside in New York, New York.

On August 27, 2004, I served the within **Answer, Civil Action No. 02 Civ. 6633 (CPS)(KAM)** upon:

> Patrick C. Gatins, Esq.
> McKernan & Gatins
> 88 New Dorp Plaza – Suite 202
> Staten Island, New York 10306

at the address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postage-paid, properly addressed wrapper in a depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
KRISTINE A. SOVA

Sworn to before me this
27th day of August, 2004

_____
Notary Public

ROBERT J. TRACY
Notary Public, State of New York
No. 02TR6085142
Qualified in Westchester County
Commission Expires December 23, 2006